IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No.   11-cv-01238-WYD

ELON EDWARD EVERETT,

    Applicant,

v.

RAE TIMME, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary.[1]

**I.   Background**

In July 2006, a jury in District Court, Arapahoe County, Colorado case number 05CR3213 found Applicant guilty of two counts of sexual assault.[2]  Applicant was

---

[1] *See* 28 U.S.C. § 2254(e); Fed. R. Governing Section 2254 Cases 8(a).

[2] Doc. No. 9-1 at 6, 14.

sentenced to the Colorado Department of Corrections (DOC) for an indefinite term of ten years to life plus twenty years to life of mandatory parole.[3]

Applicant filed a notice of appeal in the Colorado Court of Appeals (CCA) on November 9, 2006.[4] That appeal is still pending.

## II.   Habeas Claims

Applicant filed *pro se* his Application For Writ Of Habeas Corpus on May 10, 2011.[5] This Court issued an Order To Answer to Respondents on May 20, 2011.[6] Respondents filed their answer on June 27, 2011,[7] and Applicant filed a traverse on July 15, 2011.[8]

Applicant claims that the delay in his pending state court direct appeal violates his right to due process. He seeks, alternatively, (1) to set a 30-day deadline for the Respondents to file an answer brief in the direct appeal; (2) to have the CCA decide the case without a brief; (3) to be released pending a decision from the CCA; or (4) to have this Court decide the merits of his direct appeal.

---

[3] Id. at 13.

[4] Doc. No. 9-3.

[5] Doc. No. 1.

[6] Doc. No. 4.

[7] Doc. No. 9.

[8] Doc. No. 12.

### III. Legal Standard

#### A. Habeas Corpus Actions

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review.[9] Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10] Applicant is currently in the custody of the DOC.

As a prerequisite to filing a federal habeas case, a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[11]

#### B. *Pro Se* Litigant

Applicant is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

---

[9] Cannon v. Mullin, 383 F.3d 1152, 1158 (10th Cir. 2004) (*citing* Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[10] 28 U.S.C. § 2254(a).

[11] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

attorneys."[12] However, the Applicant's *pro se* status does not entitle him to an application of different rules.[13]

**IV. Analysis**

Applicant here brings a due process claim for appellate delay. The United States Court of Appeals for the Tenth Circuit has held that "unjustified delay by a state court in adjudicating a direct criminal appeal may give rise to . . . a due process violation."[14] Therefore, this Court must analyze Applicant's CCA appeals case history to determine if his due process rights have been violated.[15]

On November 9, 2006, Applicant's appellate counsel, a public defender, filed a notice of appeal in the CCA.[16] The CCA set an initial due date of February 7, 2007 for the record on appeal.[17] Following several extensions granted for the court reporter to

---

[12] Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[13] *See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

[14] Fletcher v. Golder, 175 Fed. Appx. 269, 270 (10th Cir. 2006) (*citing* Harris v. Champion (Harris II), 15 F.3d 1538, 1555, 1557 (10th Cir. 1994)); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) (permitting grant of § 2254 application when state process would be ineffective to protect applicant's rights).

[15] To the extent that Applicant requests this Court to decide the *merits* of his direct appeal, this relief is not available as he not presented any of the underlying appeals claims in his Application. *See* Harris v. Champion (Harris III), 48 F.3d 1127, 1132 (10th Cir. 1995) ("Exhaustion cannot be excused . . . unless the claims have been raised on the petitioner's direct state appeal *and in his federal habeas action*.") (emphasis added).

[16] Doc. No. 9-3.

[17] Id.

complete the transcripts,[18] the record was completed on November 19, 2007.[19]  The CCA ordered the opening brief due by December 31, 2007.[20]

The case was placed on the public defender's automatic 120-day extension list,[21] and later received a further extension of sixty days, to June 27, 2008, because appellate counsel was engaged in other matters.[22]

New counsel subsequently entered his appearance as substitute appellate counsel pursuant to a contract with the public defender's office.[23]  Due to the counsel change, the CCA set a new due date for the opening brief of August 11, 2008.[24]  Applicant's new appellate counsel obtained an extension of time to file this brief to November 10, 2008.[25]

On September 9, 2008, appellate counsel filed a motion to correct the record, requesting transcripts from both a January 3, 2006 substitution of counsel hearing and an April 25, 2006 substantive hearing on defense motions.[26]  The CCA granted this

---

[18]Doc. Nos. 9-4 to 9-8.

[19]Doc. No. 9-9.

[20]Id.

[21]Doc. No. 9-10 at 3.

[22]Id.; Doc. No. 9-11 (CCA granting sixty day extension).

[23]Doc. No. 9-12.

[24]Doc. No. 9-13.

[25]Doc. No. 9-14.

[26]Doc. No. 9-15.

motion on October 9, 2008, vacated the briefing schedule, and ordered that the supplemental record would be due in thirty days.[27]

On September 29, 2008, appellate counsel filed an additional motion to supplement the record with missing exhibits, and indicated that he needed to view the sealed materials in the record before he could proceed.[28] On December 5, 2008, the CCA granted this motion, vacated the briefing schedule, and allowed an additional fifteen days to complete the record.[29]

The supplemental record was filed on January 6, 2009, and the CCA set a due date of February 5, 2009 for the opening brief.[30]

On February 3, 2009, appellate counsel filed a second motion to complete the record.[31] The motion indicated that counsel had substantially completed the opening brief, but had discovered that transcripts from a December 22, 2005 hearing needed to be added to the record on appeal.[32] Counsel also identified his ongoing attempts to

---

[27]Doc. No. 9-17. On November 24, 2008, the court reporter requested a thirty day extension to locate the original recording, or copy of the transcript, of the January 3, 2006 hearing. Doc. No. 9-18 (page 3 of this document deals with an unrelated case and appears to have been inadvertently attached and, thus, has been disregarded by the Court). Given the record before this Court, this motion was never explicitly granted but appears to have been factored into the CCA's subsequent decision to grant a further extension to complete the record. *See* Doc. No. 9-19.

[28]Doc. No. 9-16.

[29]Doc. No. 9-19.

[30]Doc. No. 9-20.

[31]Doc. No. 9-21.

[32]Id.

6

obtain the January 3, 2006 transcript, which had still not been located.[33] The CCA granted the motion and ordered that the opening brief would be due fourteen days after the filing of the supplemental record.[34] The supplemental record was filed on April 20, 2009, and the CCA set a due date of May 4, 2009 for the opening brief.[35]

On May 4, 2009, appellate counsel moved for a remand to reconstruct the record concerning the January 3, 2006 transcript.[36] Counsel had been attempting for several months to obtain information from Applicant's trial counsel "regarding whether a motion to reconstruct the record is necessary or may be fruitful."[37] Having received that information on April 30, 2009, counsel explained that "[w]hile it appears that an attempt to reconstruct the record may not be fruitful, it is apparently necessary to undertake the effort in order to protect [Applicant's] rights in this matter."[38] On May 21, 2009, the CCA granted the motion, vacated the briefing schedule, and remanded the case to the district court.[39] The CCA ordered that Applicant was to provide periodic status reports of the

---

[33] Id.

[34] Doc. No. 9-22.

[35] Doc. No. 9-23.

[36] Doc. No. 9-24.

[37] Id. at 3.

[38] Id.

[39] Doc. No. 9-25.

district court proceedings and was to "assist the district court in transmitting the settled or corrected record" to the CCA.[40]

Appellate counsel filed a status report on June 22, 2009 stating that he had not received the court's remand order until June 11, 2009 because of difficulties with his mail due to his recent move.[41] The report also noted that appointment of alternate counsel for the reconstruction proceedings in the district court on remand (reconstruction counsel) would likely be necessary because of a possible conflict of interest.[42]

On October 9, 2009, appellate counsel filed a status report stating that reconstruction counsel had completed his investigation.[43] Reconstruction counsel filed a motion for the district court to settle the record on November 17, 2009.[44]

On February 1, 2010, appellate counsel filed a status report stating that reconstruction counsel was experiencing health problems that were delaying resolution of the motion to settle the record.[45]

---

[40] Id. at 3.

[41] Doc. No. 9-26 at 2.

[42] Id. at 2-3.

[43] Id.

[44] Doc. No. 9-28.

[45] Doc. No. 9-29.

The state district court held a hearing on February 26, 2010 where all parties agreed that the record could not be recreated and particular statements from the January 3, 2006 hearing could not be recalled.[46] The court found that the statements at that hearing could not be reconstructed.[47]

On June 7, 2010, appellate counsel filed a status report that he had been informed of the district court's order but had not yet received it.[48]

On July 16, 2010, appellate counsel filed a motion in district court to recertify the case to the CCA. However, this motion does not appear in the Register of Actions in the case.[49] On September 16, 2010, appellate counsel filed a status report indicating that he had filed a motion to recertify the case in July 2010, but had received no response from the district court.[50] Appellate counsel subsequently filed a second motion in district court to recertify the case on September 27, 2010.[51] The second motion was granted by the CCA on October 4, 2010.[52]

---

[46] Doc. No. 9-1 at 8.

[47] Id.

[48] Doc. No. 9-30.

[49] See Doc. No. 9-1 at 8.

[50] Doc. No. 9-33.

[51] Doc. No. 9-34.

[52] Id.

The supplemental record was filed on November 18, 2010, and the CCA set a due date for the opening brief of December 28, 2010.[53] On December 17, 2010, appellate counsel filed the opening brief, together with a motion to accept the brief as over length.[54] The CCA granted the motion on February 16, 2011, and set a due date of March 18, 2011 for the answer brief.[55] The appeals case was placed on the Respondent Attorney General's automatic 120-day extension list, which set a new due date for the answer brief of July 16, 2011.[56]

There is a "rebuttable presumption that the state appellate process will be deemed ineffective if the state has been responsible for a delay of more than two years in adjudicating the petitioner's direct criminal appeal."[57] Applicant's direct appeal, first filed with the CCA in November 2006, has been pending for more than two years.[58] Thus, there is a presumption of ineffective appellate process in this case.

However, "in particular cases the [s]tate may show that a delay of more than two years is justified, and therefore, [that] good cause exists" to find that there has not been

---

[53] Doc. No. 9-35.

[54] Doc. Nos. 9-36 to 9-39.

[55] Doc. No. 9-40.

[56] Doc. No. 1 at 8-10.

[57] Harris III, 48 F.3d at 1132; Harris II, 15 F.3d at 1556.

[58] Harris II, 15 F.3d at 1556 (delay calculated from time of filing of notice of appeal).

an inordinate delay.[59] After reviewing Respondents' evidence and arguments, the Court finds that the presumption has been rebutted.

The Court will attribute the delay from November 2006 until November 2007, when the record was first completed, to the state. This delay appears to have been due to staffing issues with the court reporter(s), which is directly attributable to the state.[60] Although this Court understands that preparing transcripts is a non-trivial task, a one-year delay in producing them is unreasonable under the circumstances of this case. Therefore, a large portion of this year long delay is attributable to the state.

Conversely, the period between November 2007 and September 2008 are attributable solely to Applicant, as both his original and replacement appellate counsel proactively sought numerous extensions for personal reasons relating to their inability to complete the opening brief within the deadlines given.

In September 2008, appellate counsel filed two requests to supplement the record. Both requests were timely fulfilled, absent the January 3, 2006 transcript, by early January 2009. Additionally, in February 2009 appellate's counsel again filed a request to supplement the record, which was timely completed by April 2009. These were reasonable time frames to supplement the record and do not implicate undue delay.

---

[59]Id. at 1556, 1560; Harris III, 48 F.3d at 1132.

[60]See Harris v. Champion (Harris I), 938 F.2d 1062 (appellate delay due to understaffed public defender's office attributable to the state).

In May 2009, appellate counsel moved for a remand to state district court to reconstruct the record of the January 3, 2006 hearing. The CCA timely granted this request but appellate counsel delayed further action for at least a month due to problems receiving mail due to his recent move. Summer of 2009 passed with reconstruction counsel needing to be appointed, to familiarize himself with the case, and then to complete his investigation. Reconstruction counsel filed his motion to settle the record on November 17, 2009. The reconstruction hearing took place on February 26, 2010, the three month delay in part attributable to reconstruction counsel's health issues. Appellate counsel did not file a motion to recertify this case, as he was required to do by the initial CCA remand order, until September 27, 2010, which the CCA timely granted a week later. Appellate counsel filed the opening brief on December 17, 2010.

Applicant's counsel was entirely in control of the management of the case between May 2009 and December 2010. It was appellate counsel's decision to stay the appeal pending the reconstruction of the record, it was reconstruction counsel's actions that determined the speed at which the proceedings in the district court occurred, and it was appellate counsel's responsibility to recertify the record back to the CCA, which timely reopened the appeal once it received that request.

It was not until December 17, 2010 that the Respondents had their first opportunity to file their answer brief in this case. An extension of time to file this answer brief until July 2011 was not inappropriate given both the number of extensions that

Applicant was given previously and the apparent complexity of the issues involved in the appeal.[61]

Broadly analyzing the record, Applicant (and his counsel) are responsible for most of the delay involved in this case. Between November 2007 and December 2010, the case did not appreciably move forward in the appeals court solely due to Applicant's strategic decisions. Applicant, through his counsel, "affirmatively sought or caused the delay" which does not render the appellate process ineffective.[62] Although the state was responsible for some of the delays in this case, namely the delay in preparing the original transcripts, this portion of the delay is secondary to Applicant's delay and is insufficient to indicate that the delay "attributable to the state [has] exceed[ed] two years."[63]

Applicant's situation is similar to the petitioner in Fletcher v. Golder. In Fletcher, petitioner's appeal had been pending in the CCA for approximately forty months.[64] The attorney in Fletcher requested various extensions of time to obtain missing trial transcripts and records he considered necessary, to substitute new counsel, and to file

---

[61] Applicant's opening brief was allowed to be filed over length due to number of claims. *See* Doc. No. 9-40; Doc. No. 12 at 5.

[62] Harris II, 15 F.3d at 1547; Fletcher, 175 Fed. Appx. at 271.

[63] Harris III, 48 F.3d at 1132.

[64] The applicant in Fletcher filed his notice of appeal in February 2003, and the Tenth Circuit did not decide has habeas case until May 2006. Fletcher, 175 Fed. Appx. at 269-70.

appellate briefs.[65] The Tenth Circuit found that the two-year presumption had been rebutted because (1) the court of appeals had not abandoned the petitioner's appeal; (2) the court required status reports on the progress in obtaining records; (3) counsel's requests for extensions of time were to obtain records necessary for the appeal; and (4) additional extensions were denied to file an opening brief.[66]

Here, the CCA similarly has not "abandoned" the appeal. All requests in this case have been timely ruled on by the CCA and it has required regular status reports from the parties to ensure the case is not forgotten. Further, the majority of the delay here resulted from efforts to obtain records necessary for a proper review of the case on appeal. Finally, no further extensions were requested by Applicant, or granted by the CCA, once the full record became available.

Further, the reasons for delay are not due to Applicant's indigency.[67] Items such as recreating the January 2006 hearing, supplementing the record, and delays due to health issues and mail forwarding problems would have applied equally to privately retained counsel as state appointed counsel. The delays here were not caused because the appeal was being ignored[68] but instead ensured that the record was as

---

[65] Id. at 271.

[66] Id. at 272.

[67] See Harris I, 938 F.2d at 1064 (public defender backlog of cases meant nobody would even look at the petitioner's case for "at least 3 years").

[68] See id.

complete as possible so that appellate counsel could provide the most effective assistance.

The Respondents have demonstrated that the delay, to this point in the appeals case, is justified. Therefore, the presumption of ineffective appellate process has been overcome, Applicant has not shown that his due process rights have been violated, and habeas relief is not appropriate.

**V.   Order**

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1; May 10, 2011) is denied with prejudice. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[69]

Dated:  August 31, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE

---

[69] 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).